IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**STATE OF KANSAS,**

      **Plaintiff,**

      v.                                            CASE NO. 23-3059-JWL

**JACKIE CRENSHAW,**
**also known as Jack Crenshaw,**

      **Defendant.**

## MEMORANDUM AND ORDER

This matter is before the court on a notice of removal filed by Defendant Jackie Crenshaw, seeking removal of his state Case No. 2022-PR-76 from the District Court of Saline County, Kansas. The pending proceeding involves a petition for civil commitment as a Sexually Violent Predator and was filed on April 11, 2022. The case is scheduled for a status conference on March 14, 2023.

Defendant seeks removal under 28 U.S.C. § 1441. Under § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Federal courts are courts of limited jurisdiction, as "[t]hey possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal district courts have "federal question jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] cause of action

arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Likewise, federal district courts have "diversity jurisdiction" when the amount in controversy exceeds $75,000.00 and there is complete diversity among the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a). Defendant's notice of removal does not appear to invoke either basis for original jurisdiction in this Court. *See Dunsmore v. Davis*, 2016 WL 10718859, at *1 (S.D. Tex. Oct. 25, 2016) ("The 'sexually violent predator' civil-commitment proceeding is a creation of Texas state law, and Dunsmore cannot create federal jurisdiction by simply raising federal Constitutional questions as defenses.") (citation omitted).  The notice of removal is also untimely under § 1446(b).  *See* 28 U.S.C. § 1446(b).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The Court cautions that there are consequences to filing frivolous pleadings.  The notice of removal in this case appears to be drafted by Craig Gilbert.  Gilbert refers to himself as the "affiant" throughout the notice of removal and Gilbert's prior cases are mentioned throughout the pleading.  Mr. Gilbert has a history of filing improper notices of removal for his own cases as well as for other parties' cases.  Mr. Gilbert is now subject to filing restrictions.  The same type of restrictions could be applied to any other party that continues to file frivolous pleadings.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **remanded** to the District of Court of Saline County, Kansas.

**IT IS SO ORDERED**.

Dated February 28, 2023, in Kansas City, Kansas.

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
